# THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>Vs<br><br>WANDA VAZQUEZ GARCED,<br><br><br>Defendants. | Criminal No. 25-cr-296(SCC) |

## DEFENDANT'S MOTION TO CONTINUE THE SENTENCING HEARING AND FOR AN EXTENSION OF TIME TO FILE SENTENCING MEMORANDUM

**TO THE HONORABLE COURT**:

COMES NOW defendant WANDA VÁZQUEZ GARCED, by and through her undersigned attorneys, and respectfully moves this Honorable Court to continue the sentencing hearing currently scheduled for October 15, 2025, and to extend the deadline for filing her sentencing memorandum, and in support thereof states:

On August 27, 2025, defendant entered a guilty plea to a one-count Information charging a violation of 52 U.S.C. § 30121 (Contribution by a Foreign National). ECF No. 8. At the change of plea hearing, defense counsel requested the preparation of an expedited Presentence Investigation Report ("PSR"), which the Court granted. The Court scheduled the sentencing hearing for October 15, 2025 at 1:30 PM and ordered the parties to file any sentencing memoranda ten (10) days prior to sentencing. *Id.*

The PSR was filed on October 2, 2025. On that same date, the government filed a motion for extension of time to file its sentencing memorandum, requesting leave to file within two (2) business days of the filing of the PSR. ECF No. 9. The Court granted the

government's motion on October 2, 2025, extending the government's deadline to October 6, 2025. ECF No. 11.

Upon review of the PSR, Governor Vazquez agrees with most of its contents. However, the PSR includes as relevant conduct allegations and factual assertions from the original seven-count indictment in Criminal No. 22-342 (SCC). Defendant expressly denies the allegations of fact related to the soon to be dismissed indictment in Criminal No. 22-342 (SCC) and admits only those facts contained in the Stipulation of Facts filed with her plea agreement in this case. See Plea Agreement, ECF No. 6 at 11 (Stipulation of Facts).

The United States will dismiss the indictment in 22-342 (SCC) at the conclusion of sentencing. Plea Agreement ¶ 21, ECF No. 6 at 9. The inclusion of dismissed conduct – conduct which the defendant denies - as relevant conduct in the PSR presents a legal issue that requires careful analysis, consultation with the probation officer, and formal written objections if informal resolution cannot be achieved.

Local Criminal Rule 132(b)(3) governs objections to the PSR and establishes specific procedural requirements and deadlines. In particular, the "[p]arties have an obligation to seek informal resolution of any disputed matter in the PSR by consultation with each other and the probation officer prior to filing written objections." L.Crim.R. 132(b)(3)(A). And, "[w]ithin fourteen (14) days from disclosure of the PSR, counsel for the government and counsel for the defense shall file and deliver to the probation officer, and to each other, written objections to the facts or guideline application in the PSR."

*Motion to Continue Sentencing Hearing* -3-

L.Crim.R. 132(b)(3). Federal Rule of Criminal Procedure 32(i)(1)(B) similarly provides that "within 14 days after receiving the presentence report, the party may file with the court and serve on the other party any objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report."

The PSR was disclosed on October 2, 2025. Fourteen (14) days from that date is October 16, 2025—one day after the currently scheduled sentencing hearing. Governor Vazquez requires the full fourteen (14) days provided for in the Rules to properly object to the inclusion of dismissed conduct in the PSR. Failure to file her objections would constitute a waiver to the inclusion of dismissed conduct in her PSR. ("[a] party waives any objection to the PSR by failing to comply with this rule unless the court determines that the basis for the objection was not reasonably available prior to the deadline." L.Crim.R. 132(b)(3).) ("[a]n objection to the information in the presentence report may be waived if not made within the time provided by Rule 32(f)." Fed. R. Crim. P. 32(i)(1)(B).")

Defendant did not anticipate that the expedited PSR would include as offense conduct the soon to be dismissed allegations in 22-cr-342. Thus, Governor Vazquez requests the additional time to: (a) conduct a thorough legal research regarding the use of dismissed conduct as relevant conduct under U.S.S.G section 1B1.3; (b) consult with the probation officer and seek informal resolution of disputed matters as required by L.Crim.R. 132(b)(3)(A); (c) consult with government counsel regarding the disputed matters; (d) file formal written objections if informal resolution cannot be achieved; and (e) prepare a

comprehensive sentencing memorandum that addresses both the PSR's recommendations and any unresolved objections.

Governor Vazquez respectfully proposes the following timeline:

1. October 16, 2025 as the deadline for parties to file written objections to PSR (14 days from the October 2nd disclosure);

2. October 30, 2025 as the deadline for the disclosure of the revised PSR and Addendum;

3. November 13, 2025, as the deadline for the sentencing memorandum and defendant's request for variance / departure based on aberrant behavior;

4. Any date after November 23, 2025 for the sentencing hearing.

The requested continuance will permit defendant to: (1) comply with Local Rule 132's requirement to seek informal resolution with the probation officer; (2) file timely written objections if informal resolution cannot be achieved; (3) allow the probation officer to prepare a revised PSR and addendum addressing objections; (4) prepare a comprehensive sentencing memorandum addressing all issues; and (5) ensure that sentencing proceeds on a complete and accurate record.

WHEREFORE, defendant Wanda Vázquez Garced respectfully requests that this Court GRANT this motion and, accordingly, issue a scheduling order adopting the proposed timeline.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, October 6, 2025.

| | |
|---|---|
| **s/Peter John Porrata**<br>PETER JOHN PORRATA<br>USDC – PR 128901<br>POB 3943<br>Guaynabo, PR 00969-3943<br>Tel. 407-953-9888<br>peterjohnporrata@gmail.com | **s/ Luis A. Plaza-Mariota**<br>Luis A. Plaza-Mariota<br>USDC - PR 124806<br>Luis A. Plaza Law Offices<br>P.O. Box 362122<br>San Juan, PR  00936-2122<br>Tel: 787-764-0310<br>plaza@luisplazalaw.com |
| **s/ Edgar Sanchez Mercado**<br>EDGAR SANCHEZ MERCADO<br>USDC-PR 227004<br>Tel. 787-565-0916<br>esmlawoffice@gmail.com<br><br>255 Avenida Ponce de León, Suite 1210<br>San Juan, Puerto Rico 00918-1475 | **s/ Ignacio Fernández de Lahongrais**<br>IGNACIO FERNANDEZ DE LAHONGRAIS<br>USDC - PR 211603<br>Tel. 787-923-5789<br>ignacio@bufetefernandezalcaraz.com<br><br>255 Avenida Ponce de León, Suite 1210<br>San Juan, Puerto Rico 00918-1475<br><br>*Attorneys for Wanda Vazquez Garced* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this same date, the undersigned attorney filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties in this action.

        **s/ Ignacio Fernández de Lahongrais**
        IGNACIO FERNANDEZ DE LAHONGRAIS
        USDC - PR 211603
        Tel. 787-923-5789
        ignacio@bufetefernandezalcaraz.com

        255 Avenida Ponce de León, Suite 1210
        San Juan, Puerto Rico 00918-1475