## THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | |
| | Criminal No. 25-cr-296(SCC) |
| Vs | |
| WANDA VAZQUEZ GARCED, | |
| Defendants. | |

### MOTION TO CONTINUE SENTENCING HEARING FOR CAUSE

TO THE HONORABLE COURT:

COMES NOW defendant WANDA VÁZQUEZ GARCED, through the undersigned counsels, and respectfully moves this Honorable Court to continue the sentencing hearing currently scheduled for January 8, 2026 to January 29, 2026—the date now set for Julio Herrera-Velutini's sentencing in Criminal No. 25-297 (SCC). In support thereof, defendant states as follows:

### I. PROCEDURAL BACKGROUND

1.    On August 27, 2025, defendant and former co-defendants Julio Herrera-Velutini and Mark Rossini entered guilty pleas to separate one-count Informations charging violations of 52 U.S.C. § 30121 (Contribution by a Foreign National). These pleas were entered as part of a coordinated resolution that included dismissal of the seven-count indictment in Criminal No. 22-342 (SCC), which had charged conspiracy, bribery, and honest services fraud.

2.    On December 3, 2025, this Court granted a joint motion to continue Mr. Herrera-Velutini's sentencing and reset his sentencing hearing for January 29, 2026 at 9:30 AM. See Criminal No. 25-297, Dkt. No. 30. Marc Rossini has filed two unopposed motions to continue his sentencing hearing to the same date as Mr. Herrera-Velutini's. See Criminal No. 25-298, Dkt. Nos. 17, 18. Those motions remain pending.

3.    Defendant's sentencing is currently scheduled for January 8, 2026 at 10:30

AM. Dkt. No. 24.

4.     The initial Presentence Investigation Report was disclosed on October 2, 2025. Dkt. No. 10. Defense counsel engaged in the informal resolution process required by Local Criminal Rule 132(b)(3)(A), which included numerous email exchanges with the probation officer, drafting detailed objections in letter form, drafting suggested language to be included in the offense conduct section of the PSR, and meeting with the probation officer. As a result, an Amended PSR was disclosed on December 5, 2025. Dkt. No. 25. However, the informal resolution process has not yet concluded. Defense counsel met again with the probation officer on December 23, 2025 to discuss additional proposed language for the relevant conduct section and is awaiting her decision on whether to issue a second amended PSR or to address the defense suggestions in the addendum.

## II. GROUNDS FOR CONTINUANCE

### A.     The Government's Relevant Conduct Pleadings Present Common Issues Requiring Coordinated Response

5.     Defense counsel has conferred with counsel for co-defendants Herrera-Velutini (Criminal No. 25-297) and Rossini (Criminal No. 25-298) and has been informed that the government has similarly requested the inclusion of the dismissed bribery and conspiracy allegations from the original indictment as relevant conduct in each of their PSRs—the same approach the government has taken in this case.

6.     This presents a significant legal issue common to all three defendants: whether allegations from an indictment that the government chose to dismiss can properly constitute relevant conduct at sentencing for an entirely different offense to which the defendants pleaded guilty. The defendants pleaded guilty to a campaign finance violation

(accepting a promise of a foreign national contribution) while the government now seeks to have the Court consider at sentencing the very bribery allegations it abandoned.

7.      Defense counsel has been in communication with counsel for Mr. Herrera-Velutini regarding this issue. Given that the government's pleadings raise identical legal questions in each case, coordinating the defendants' responses would benefit not only the parties but also the Court, which would receive comprehensive briefing on this novel issue rather than potentially inconsistent or duplicative submissions.

8.      The defendants entered their guilty pleas on the same day as part of a coordinated resolution. The underlying conduct alleged in all three cases arises from the same investigation and the same set of facts. Judicial economy would be served by addressing the common legal issues raised by the government's relevant conduct arguments in a coordinated manner.

9.      At the change of plea hearing, defense counsel requested an expedited PSR, seeking to resolve this matter as quickly as possible. Defendant did not anticipate being ambushed by the government's decision to ask the Court to sentence her based on the allegations it chose to abandon rather than on the misdemeanor crime of conviction. Judicial efficiency now requires aligning defendant's timetable with that of her former co-defendants.

10.     Moreover, fundamental fairness counsels against proceeding with defendant's sentencing before the Court has the benefit of the legal arguments that will be presented by all co-defendants on this significant issue. The government's attempt to incorporate dismissed bribery allegations as relevant conduct raises questions that will affect all three defendants. Proceeding with defendant's sentencing on January 8, 2026 while these issues remain unresolved in the co-defendants' cases would deprive the Court

of the complete picture and could result in inconsistent outcomes.

**B.    *The Informal Resolution Process is Ongoing***

11.    Local Criminal Rule 132(b)(3)(A) requires that parties seek informal resolution of any disputed matter in the PSR by consultation with each other and the probation officer prior to filing written objections.

12.    Defense counsel has pursued informal resolution. As recently as December 23, 2025, counsel met with the probation officer and presented additional proposed language addressing the relevant conduct section of the PSR. The probation officer indicated she would take the suggestions under consideration and she is still working through the issues raised by the defense.

13.    Defense counsel has also provided the probation officer with research regarding sentences imposed in comparable campaign finance cases, which demonstrates that probationary sentences are the norm for this type of offense—in contrast to the government's request for incarceration.

14.    The current January 8, 2026 sentencing date does not allow adequate time to complete the informal resolution process, particularly given that the most recent meeting with the probation officer occurred on December 23, 2025—in the midst of the holiday period—leaving insufficient time before sentencing to resolve the outstanding issues.

**C.    *The Sentencing Memorandum Requires Additional Time***

15.    The defense sentencing memorandum is currently due December 30, 2025 (ten days before the January 8 hearing, excluding the New Year's Day holiday). The issues raised by the government's relevant conduct pleadings significantly impact the scope and

content of the sentencing memorandum.

16.     The offense to which defendant pleaded guilty—accepting a promise of a single foreign national contribution—is a discrete, completed act. The government's relevant conduct pleadings, however, attempt to transform the sentencing into one addressing a months-long bribery scheme. These are fundamentally different frameworks requiring different legal arguments and different applications of the § 3553(a) factors. In essence, two different sentencing memoranda.

17.     Among other issues, the government's relevant conduct pleadings directly impact defendant's ability to argue that the offense constitutes aberrant behavior under U.S.S.G. § 5K2.20—an argument that is well-supported when addressing a single campaign finance violation but that requires different treatment if the Court is asked to consider a pattern of conduct spanning months.

18.     The complexity of these issues, combined with the ongoing informal resolution process and the intervening holiday period, makes it impracticable to prepare an adequate sentencing memorandum by December 30, 2025.

19.     Counsel for Mr. Herrera-Velutini has substantial resources and expertise that will be devoted to researching and briefing the relevant conduct issues common to all defendants. Aligning defendant's sentencing with Mr. Herrera-Velutini's would allow the Court to benefit from comprehensive briefing on these novel issues, while also ensuring that similarly-situated defendants receive consistent treatment.

20.     This is not a matter of delay for delay's sake. Rather, coordinating the sentencing proceedings will promote efficiency, ensure thoroughness, and serve the interests of justice by presenting the Court with the most complete legal analysis on issues that are genuinely complex and that affect multiple defendants.

### III. NO PREJUDICE TO ANY PARTY

21.     The requested continuance of approximately three weeks will not prejudice any party. Defendant remains subject to the same release conditions that have been in effect since the original indictment, and there is no suggestion that she poses any flight risk or danger to the community. The government has not indicated any urgency requiring immediate sentencing.

22.     Notably, the government joined in the motion to continue Mr. Herrera-Velutini's sentencing to January 29, 2026, and did not oppose Mr. Rossini's motion to continue. Yet when undersigned counsel inquired whether the government would consent to this motion, the government declined and indicated it may oppose.

23.     Throughout the proceedings in Criminal No. 22-342, defendant maintained a cooperative posture with the government and expressly declined to join co-defendants' challenges to the prosecution's conduct—a position she took publicly in open court on multiple occasions. Yet the government extended courtesy to the co-defendants who leveled those accusations while refusing to do so with defendant Vázquez Garced— singling her out for disparate treatment.

**WHEREFORE**, defendant Wanda Vázquez Garced respectfully requests that this Honorable Court GRANT this motion and, accordingly, continue her sentencing and re-schedule it to the same day as former co defendant Herrera-Velutini.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, December 29, 2025.

| **s/Peter John Porrata** | **s/ Luis A. Plaza-Mariota** |
|---|---|
| PETER JOHN PORRATA | Luis A. Plaza-Mariota |
| USDC – PR 128901 | USDC - PR 124806 |
| POB 3943 | Luis A. Plaza Law Offices |
| Guaynabo, PR 00969-3943 | P.O. Box 362122 |
| Tel. 407-953-9888 | San Juan, PR  00936-2122 |
| peterjohnporrata@gmail.com | Tel: 787-764-0310 |
| | plaza@luisplazalaw.com |
| **s/ Edgar Sanchez Mercado** | **s/ Ignacio Fernández de Lahongrais** |
| EDGAR SANCHEZ MERCADO | IGNACIO FERNANDEZ DE LAHONGRAIS |
| USDC-PR 227004 | USDC - PR 211603 |
| Tel. 787-565-0916 | Tel. 787-923-5789 |
| esmlawoffice@gmail.com | ignacio@bufetefernandezalcaraz.com |
| 255 Avenida Ponce de León, Suite 1210 | 255 Avenida Ponce de León, Suite 1210 |
| San Juan, Puerto Rico 00918-1475 | San Juan, Puerto Rico 00918-1475 |
| | *Attorneys for Wanda Vazquez Garced* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this same date, the undersigned attorney filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties in this action.

**s/ Ignacio Fernández de Lahongrais**
IGNACIO FERNANDEZ DE LAHONGRAIS
USDC - PR 211603
Tel. 787-923-5789
ignacio@bufetefernandezalcaraz.com

255 Avenida Ponce de León, Suite 1210
San Juan, Puerto Rico 00918-1475